**United States District Court
for the Southern District of Georgia
Brunswick Division**

FILED
U.S. [DISTRICT] COURT
OCT 21 A 9 49

| | | |
|---|---|---|
| PAULA HIGGINBOTHAM, individually, and as next friend for MARQUITA LAQUITA KING and MARKITA SHANIKA KING, | : : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| E.H., INC., | : | |
| Defendant. | : | NO. CV204-208 |

## O R D E R

Plaintiff, Paula Higginbotham, individually, and as next friend for her daughters, Marquita Laquita King and Markita Shanika King, filed this action against Defendant, E.H., Inc., alleging racial discrimination. Before the Court is Defendant's motion seeking summary judgment, to which Plaintiff has failed to respond. For the following reasons, Defendant's motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

**FACTS**

At approximately 4:00 A.M., on May 27, 2001, Higginbotham, an African American, and her two daughters went to Huddle House, a restaurant owned by Defendant, and placed an order for a beverage and three Huddle Burgers. Although Higginbotham's daughter was served the beverage she requested, employees advised Higginbotham that the ordered Huddle Burgers could not be prepared because the grill was off. While sitting in her car after exiting the restaurant, Higginbotham observed a female Caucasian enter the restaurant, and place and receive a carry-out order.

Higginbotham alleges that Huddle House violated 42 U.S.C. § 1981 when it discriminated against her because of her race. Specifically, Higginbotham alleges that Huddle House refused to serve her and her children while serving similarly situated Caucasian patrons.

Defendant contends that Higginbotham has failed to offer sufficient evidence to proceed on her claims because; (i) all claims as to Higginbotham are time barred under the applicable statute of limitations; (ii) Higginbotham provided no evidence that similarly situated Caucasian patrons were treated differently; and (iii) Higginbotham offered no evidence that

the proffered reason for failing to serve her and her children was pretextual. Defendant further contends that, because the discrimination claim is without merit, it is entitled to summary judgment on Higginbotham's intentional infliction of emotional distress claim stemming therefrom.

## DISCUSSION

### I. Summary Judgment Standard

E.H., Inc., is entitled to summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion. United States v. One Piece of Real Property, 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004).

In considering the motion, the court's sole function is to determine whether there exist genuine, material issues of fact

to be tried; and, if not, whether the movant is entitled to judgment as a matter of law. See Dominick v. Dixie Nat'l Life Ins. Co., 809 F.2d 1559 (11th Cir. 1987). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), and must draw "all justifiable inferences in his favor . . ." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal quotation marks omitted).

## II. Statute of Limitations

The appropriate statute of limitations for a section 1981 action is the personal injury statute of the state in which the federal court is sitting. Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1216 (11th Cir. 2001); see also Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S. Ct. 2617, 2621, 96 L.Ed.2d 572 (1987); Wilson v. Garcia, 471 U.S. 261, 105 S. Ct. 1938, 1949, 85 L.Ed.2d 254 (1985). In Georgia, personal injury actions must be brought within two years. O.C.G.A. § 9-3-33; Hill v. Metro. Atlanta Rapid Transit Auth., 841 F.2d 1533, 1546 (11th Cir. 1988). The limitations period begins to run when the facts that will support a claim are apparent, or should be

apparent to a person with a reasonably prudent regard for her rights. See Everett v. Cobb County Sch. Dist., 138 F.3d 1407, 1410 (11th Cir. 1998).

Higginbotham did not file the instant claim within the two year limitations period. The alleged act of discrimination occurred on May 27, 2001, and Plaintiff did not file this action until December 27, 2004, more than three and a half years later. Thus, Plaintiff's claims in her individual capacity are time-barred.

III.    **42 U.S.C. § 1981**

Section 1981 prohibits discrimination on the basis of race in the making and enforcement of private contracts. See Ferrill v. Parker Group, Inc., 168 F.3d 468, 472 (11th Cir. 1999). This section provides that:

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. In order for a plaintiff to recover under § 1981, she must demonstrate that she is a member of a racial

AO 72A (Rev. 8/82)

minority and that she suffered intentional race discrimination which affected her in the making and performance of a contract, including the enjoyment of the contract's benefits, privileges, terms and conditions. Benton v. Cousins Props., Inc., 230 F. Supp.2d 1351, 1369 (N.D. Ga. 2002), aff'd, 97 Fed. Appx. 904 (11th Cir. 2004); Baker v. McDonald's Corp., 686 F. Supp. 1474, 1481 (S.D. Fla. 1987); see Gen. Bldg. Contractors Ass'n Inc. v. Penn., 458 U.S. 375, 391, 102 S. Ct. 3141, 73 L.Ed.2d 835 (1982) (stating that § 1981 can be violated only by purposeful discrimination).

A plaintiff may prove intentional discrimination through (1) direct evidence; (2) pattern and practice evidence; or (3) circumstantial evidence of discrimination. Afkhami v. Carnival Corp., 305 F. Supp.2d 1308, 1320 (S.D. Fla. 2004). Direct evidence of discrimination, which is rarely found in discrimination cases, is evidence which, if believed, would prove the existence of a fact without inference or presumption. Id.; see E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir.), reh'g denied, 55 Fed. Appx. 904 (2002), cert. denied, 539 U.S. 941, 123 S. Ct. 2606, 156 L.Ed.2d 627 (2003). To show a pattern or practice of discrimination, a plaintiff must provide evidence of impermissible discrimination that was

the defendant's standard operating procedure through historical, anecdotal or statistical evidence, or a combination thereof. <u>Id.</u> at 1321. More commonly, as in the instant case, a plaintiff may prove that she was intentionally discriminated against by presenting circumstantial evidence. <u>Id.</u>

In order to prove discrimination through circumstantial evidence, courts have applied the traditional burden-shifting framework applied in Title VII cases to claims under § 1981. <u>Brown v. Am. Honda Motor Co., Inc.</u>, 939 F.2d 946, 949 (11th Cir. 1991); <u>Christian v. Wal-Mart Stores, Inc.</u>, 252 F.3d 862, 869 (6th Cir. 2001); <u>Benton</u>, 230 F. Supp.2d at 1369; see <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). Under the familiar <u>McDonnell Douglas</u> analysis, a plaintiff first must establish a prima facie case of discrimination. <u>McDonnell Douglas</u>, 411 U.S. at 802, 93 S. Ct. at 1824; <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L.Ed.2d 207 (1981). Establishing a prima facie case has the same effect as a presumption of unlawful discrimination. The defendant must then come forward with evidence of a legitimate nondiscriminatory reason for its action. <u>McDonnell Douglas</u>, 411 U.S. at 802, 93 S. Ct. 1824. When a defendant expresses

AO 72A
(Rev. 8/82)

one or more legitimate reasons for the action, the presumption of discrimination evaporates, and a plaintiff must raise a genuine issue of material fact as to whether the reasons offered by the defendant are pretextual. Id. at 804, 93 S. Ct. at 1825.

Under this framework, Higginbotham must first establish a prima facie case of discrimination. The establishment of a prima facie case creates a presumption of discrimination. Huddle House must then offer legitimate, nondiscriminatory reasons for its actions to rebut the presumption. See id., 411 U.S. at 802-04, 93 S. Ct. at 1824. Huddle House is required to produce sufficient evidence to raise a genuine issue of fact as to whether it discriminated against Higginbotham and her daughters. See Texas Dep't of Community Affairs, 450 U.S. at 254, 101 S. Ct. at 1094. If Huddle House successfully rebuts the presumption, the burden shifts back to Higginbotham to discredit the proffered nondiscriminatory reasons by showing that they are pretextual. See McDonnell Douglas, 411 U.S. at 802-04, 93 S. Ct. at 1824. However, at all times, Higginbotham retains the ultimate burden of persuasion to prove Huddle House discriminated against her and her children on the basis of their race. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502,

511, 113 S. Ct. 2742, 2749, 125 L. Ed. 2d 407 (1993); Lincoln v. Bd. of Regents, 697 F.2d 928, 937 (11th Cir.), reh'g denied 705 F.2d 471, cert. denied, 464 U.S. 826, 104 S. Ct. 97, 78 L.Ed.2d 102 (1983).

A. **Prima Facie Claim**

To establish a prima facie case under § 1981, a plaintiff must prove: (1) that she is a member of a protected class; (2) that she made herself available to receive and pay for services ordinarily provided by defendant to members of the public; and (3) she did not enjoy the privileges and benefits of the contracted for experience under factual circumstances which rationally support an inference of unlawful discrimination in that (a) she was deprived of services while similarly situated individuals outside her class were not, or (b) she received services in a markedly hostile manner and in a manner which a reasonable person would find objectively unreasonable. Brooks v. Collis Foods, Inc., 365 F. Supp.2d 1342, 1353 (N.D. Ga. 2005) (citing Christian, 252 F.3d at 871); see also Slocumb v. Waffle House, Inc., 365 F. Supp.2d 1332 (N.D. Ga. 2005) (citing Benton, 230 F. Supp.2d at 1370).

AO 72A
(Rev. 8/82)

Higginbotham has failed to produce sufficient evidence to prove that she was deprived of services while similarly situated non-African-Americans were not. Although Plaintiff contends that Huddle House failed to serve her and her children, her daughter testified that the waitress provided her with the beverage she ordered. Additionally, Higginbotham testified that while she and her daughters were told the hamburgers could not be cooked because the grill was off, they were not told they could not order menu items that did not require the grill. Finally, the Court finds Plaintiff's testimony that she observed a female Caucasian enter the restaurant after Higginbotham was advised the grill was off, and order and receive a carry-out order, insufficient to survive summary judgment. Plaintiff, observing the transaction from her vehicle, admitted that she was unable to ascertain what the Caucasian patron ordered. Furthermore, evidence in the record demonstrates that both African American and Caucasian patrons were eating when Plaintiff and her daughters entered the Huddle House. Thus, the Court concludes that Higginbotham has failed to establish that Huddle House discriminated against her and her children on the basis of their race.

AO 72A
(Rev. 8/82)

**B.   Pretext**

In deciding a motion by the defendant for judgment as a matter of law in a discrimination case where the defendant has offered nondiscriminatory reasons for its conduct, a court conducts a focused inquiry. Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1258 (11th Cir.), cert. denied, 534 U.S. 976, 122 S. Ct. 402, 151 L.Ed.2d 305 (2001), reh'g denied, 535 U.S. 1013, 122 S. Ct. 1598, 152 L.Ed.2d 513 (2002). The court must, considering all the evidence, ascertain whether the plaintiff has cast doubt on the defendant's proffered nondiscriminatory reasons sufficient to allow a reasonable factfinder to determine that the defendant's proffered "legitimate reasons were not what actually motivated its conduct." Id., 244 F.3d at 1258 (quoting Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 605 (11th Cir. 1994)).

Huddle House proffered a legitimate, nondiscriminatory reason for its failure to serve Higginbotham and her daughters the Huddle Burgers they ordered; i.e., that the grill was down in order to be cleaned. Plaintiff has offered no evidence indicating that Huddle House's proffered reason for its failure to serve her the ordered hamburgers was a pretext for discrimination. Accordingly, the Court concludes that

11

Higginbotham has failed to present evidence of intentional discrimination sufficient to withstand summary judgment.

### IV. Intentional Infliction of Emotional Distress

In addition to her federal claims, Higginbotham has also asserted a claim under Georgia law for intentional infliction of emotional distress ("IIED"). In order to support a claim for IIED, the plaintiff must show that the defendant's behavior was so extreme or outrageous that "'no reasonable man could be expected to endure it.'" Hammer v. Slater, 20 F.3d 1137, 1144 (11th Cir. 1994) (quoting Bridges v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 230, 335 S.E.2d 445, 448 (1985)). The Georgia Supreme Court has recognized, "[w]hether a claim rises to the level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." Yarbray v. S. Bell Tel. & Tel. Co., 261 Ga. 703, 706, 409 S.E.2d 835, 838 (1991). In light of this Court's determination that a finder of fact could not conclude that Huddle House's refusal to serve Plaintiff was motivated by discriminatory animus, the Court concludes that Plaintiff has failed to demonstrate that the alleged conduct fails to rise "to the level of outrageousness and egregiousness to sustain

AO 72A
(Rev. 8/82)

a claim for intentional infliction of emotional distress" as a matter of law. See id.

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, the motion of Defendant, E.H., Inc., for Summary Judgment (Doc. No. 15) is **GRANTED**.

**SO ORDERED**, this 20th day of October, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA